IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL SOBAYO,

    Plaintiff,

v.

PUBLIC STORAGE,

    Defendant.

No. C 13-01804 SI

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S APPLICATION FOR *IN FORMA PAUPERIS* SHOULD NOT BE DENIED**

    On April 17, 2013, plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2), the Court is obligated to deny the motion to proceed IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.

    All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C.§ 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To prevail on this motion, plaintiffs need not demonstrate that they are completely destitute but they must show that, because of their poverty, they cannot pay the filing fee and still provide their dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Courts are "mindful that plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed *in forma pauperis*." *Crawford v. Kern County Sch. Dist.*, 2010 WL 1980246, at *2 n. 1 (E.D. Cal. May 12, 2010) (citations omitted).

    Plaintiff's Application to Proceed in Forma Pauperis declares, under penalty of perjury, that plaintiff is currently unemployed but that his spouse is employed by Space Systems Loral, and that she

has "monthly salary, wages or income" of "$66,172.00" gross and "-94,459.00" net. Plaintiff's motion does not explain this discrepancy, nor does it list any other debts or obligations that would explain why his spouse's monthly income is negative.

This Court has broad discretion to grant or deny plaintiff's motion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Here, plaintiff has not provided enough information to enable the Court to rule on the motion.

Accordingly, plaintiff is hereby **ordered to show cause in writing, to be filed no later than June 8, 2013, why the application for *in forma pauperis* status should not be denied**. In particular, plaintiff must describe, in writing, the source and amount of his monthly household income, including any income or debts belonging to his spouse that impact his ability to pay the filing fee in this action. Plaintiff should not include names or account numbers in any descriptions of assets or debts.

**IT IS SO ORDERED.**

Dated: May 1 , 2013

_____
SUSAN ILLSTON
United States District Judge

2