1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    NATHANIEL SOBAYO,                    No. C 13-01804 SI
8              Plaintiff,                 **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**
9       v.
10   PUBLIC STORAGE,
11             Defendant.
                                   /
12
13          Now before the Court is defendant's motion to dismiss, strike, or for a more definite statement.

14   Plaintiff has filed an opposition to which defendant has replied.  Pursuant to Civil Local Rule 7-1(b),

15   the Court determines that the matter is appropriate for resolution without oral argument and VACATES

16   the hearing currently scheduled for August 2, 2013.[1]  Having considered the parties' papers, and for

17   good cause shown, the Court DISMISSES plaintiff's complaint WITHOUT LEAVE TO AMEND, for

18   the reasons discussed below.

19
20                      **BACKGROUND**

21          This is the second federal action arising from a dispute between *pro se* plaintiff Nathaniel

22   Sobayo and defendant Public Storage over plaintiff's non-payment for a self-storage unit.  *See Public*

23   *Storage v. Sobayo, et al.*, C12-05263-SBA (N.D. Cal.).  After plaintiff failed to pay rental fees for the

24   unit, Public Storage sued him in a California small claims court.  *See* Def's. Request for Judicial Notice

25   ("RJN"), Ex. 11.  Sobayo removed the action to federal court, but Judge Armstrong promptly remanded

26   _____

27          [1] Plaintiff has filed a motion to continue the August 2, 2013, hearing so that he may locate an attorney to assist him in this case.  Because the Court concludes that each purported cause of action is fatally defective, the assistance of counsel would not change the outcome here.  Accordingly, that

28   motion is DENIED. Dkt. No. 19.

1    to state court because there was no federal subject matter jurisdiction.  *Id.*  Sobayo filed a motion to set

2    aside the order remanding the case, which Judge Armstrong denied on February 13, 2013.  RJN, Ex. 22.

3         Without disclosing the prior action, plaintiff filed this action in this Court on April 19, 2013.

4    *See* Dkt. 1-2.  His complaint, which is substantially similar to the "Counter-Complaint" he filed in the

5    prior action, see RJN, Ex. 7, alleges that after renting storage space, he was effectively denied access

6    to his space because the elevator leading to it was broken.  Compl. at 3.  Plaintiff alleges that he made

7    several unsuccessful attempts to get Public Storage to fix the elevator.  *Id.*  Because the broken elevator

8    prevented him from accessing his unit, plaintiff contends that he did not "owe one red cent" in storage

9    rental fees to Public Storage.  *Id.*   Plaintiff alleges that "for months now" Public Storage has "held

10   hostage and converted" his property based on claiming unpaid rents, which plaintiff alleges are not

11   properly owed.  *Id.*  As of the date plaintiff's first action was remanded to state court, Public Storage

12   asserted that he owed $642.55 in unpaid rent.  RJN, Ex. 11.

13        Based on these allegations, plaintiff alleges that Public Storage has violated the Fourth

14   Amendment to the U.S. Constitution, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

15   § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Federal Trade

16   Commission Act ("FTC Act"), 15 U.S.C. § 44 et seq.), and committed unlawful conversion.  Defendant

17   has moved to dismiss the complaint, contending that the complaint consists of vague and conclusory

18   allegations – most of which have been parroted from an unrelated case, *USA v. Asset Acceptance LLC*,

19   8:12-CV-00182-JDW-EAJ (M.D. Fla.) – that do not state or support a cognizable claim for relief.

20

21                                    **LEGAL STANDARD**

22        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

23   fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss,

24   the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

25   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff

26   to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

27   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of

28

                                                    2

1  specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."

2  *Twombly*, 550 U.S. at 555, 570.

3        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

4  must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the

5  plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the

6  court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

7  of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

8        If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

9  Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request

10  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

11  the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v.*

12  *United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

13

14                                **DISCUSSION**

15  **1.      Fourth Amendment to the U.S. Constitution.**

16        Plaintiff alleges that Public Storage is holding his property in violation of the Fourth

17  Amendment's prohibition on unreasonable searches and seizures. Compl. at 3.  He also alleges, without

18  elaboration, that Public Storage is doing so "UNDER THE COLOR OF LAW."  *Id.* at 2.

19        The Fourth Amendment protects only against governmental conduct and not against searches

20  or seizures by private persons not acting on behalf of a governmental agency.  *Burdeau v. McDowell*,

21  256 U.S. 465 (1921); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  There are no allegations in

22  plaintiff's complaint that Public Storage is a government agency, or acting at the direction of one.

23  Accordingly, plaintiff fails to state a Fourth Amendment claim.  Moreover, the Court finds that leave

24  to amend is futile because it is entirely implausible that a private self-storage company was acting under

25  the control of any governmental agency when it apparently refused to allow plaintiff to access his

26  property because of unpaid rent.

27

28                                      3

**2.      The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.**

The FDCPA prohibits certain false, deceptive, or misleading practices in connection with collection of a debt.  By its terms, the statute applies only to "debt collectors," which includes only a person the principal purpose of whose business is the collection of debts, whether on behalf of himself or others, or (2) a person who regularly collects debts on behalf of others, whether or not it is the principal purpose of his business.  *See* 15 U.S.C. § 1692a(6); *see also Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008).  Merely alleging the legal conclusion that defendants were debt collectors without providing any supporting facts demonstrating that they each engaged in a business the principal purpose of which was the collection of debts is insufficient to state a claim for relief under the FDCPA.  *Swain v. CACH, LLC*, 699 F. Supp. 2d 1109, 1113-13 (N.D. Cal. 2009).

Plaintiff fails to state a FDCPA claim because, as a threshold matter, the complaint pleads no facts demonstrating that Public Storage is a business principally engaged in debt collection.  Moreover, leave to amend would be futile because it is entirely implausible that a self-storage company, whose principal business is self-storage unit rentals, would qualify as a debt collector under the FDCPA.

**3.      The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**

Plaintiff's complaint contains conclusory allegations that Public Storage has violated the FCRA by (1) knowingly providing inaccurate information to a consumer reporting agency; (2) failing to provide written notice to plaintiff about Public Storage's negative reporting to consumer reporting agencies; and (3) failing to conduct a reasonable investigation after receiving a notice of a dispute regarding the completeness or accuracy of information furnished to a consumer reporting agency.

Although the FCRA gives consumers a private right of action against those who violate its provisions, that right of action is limited to claims against the consumer reporting agency; it does not extend to furnishers of information to agencies.  *See* 15 U.S.C. § 1681s–2(c); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059–60 (9th Cir.2002); *see also Sanders v. Mountain America Federal Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012).  Here, plaintiff fails to state a claim because his entire theory of liability is premised on Public Storage's alleged defects as a furnisher

4

of information.  Not only does the complaint lack any factual detail whatsoever as to the furnishing of that information, leave to amend would be futile here because the statute contemplates no such right of action against furnishers and it is implausible that plaintiff could plead facts establishing that Public Storage is actually a consumer reporting agency.

**4.      The Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 44 et seq.**

Plaintiff asserts, without any elaboration, that Public Storage has committed unfair practices that violate the FTC.  Here, too, plaintiff fails to state a claim because there is no private right of action to enforce the FTC; all remedial power is vested in the Federal Trade Commission.  *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) *citing Carlson v. Coca-Cola*, 483 F.2d 279, 280 (9th Cir. 1973). Accordingly, the Court finds that leave to amend would be futile where the statute contemplates no private right of action.

**5.      Wrongful Conversion of Property.**

Plaintiff variously alleges that Public Storage has unlawfully converted his property by refusing him access to the self-storage unit for which he has not paid rent.

 The court looks to state law to determine whether an act falls within the tort of conversion.  *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999).  California law defines conversion as "any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein.  It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Igauye v. Howard*, 114 Cal. App. 2d 122, 126 (1952).

Here, however, plaintiff cannot maintain such an action in this Court because the Court lacks jurisdiction over this state law cause of action.  A United States federal district court has an ongoing and "independent duty to ensure its own jurisdiction."  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has

federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There is no federal jurisdiction where plaintiff's claim relies exclusively on state law.  *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  A district court has diversity jurisdiction where the matter in controversy exceeds the sum of  $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state.  28 U.S.C. § 1332.

As discussed above, plaintiff has failed to state a claim on any of the federal causes of action mentioned in his complaint.  Because the defects in each federal cause of action are fatal, there exists no federal question here, and thus no subject matter jurisdiction.  In the alternative, plaintiff's complaint has the cursory allegation that "DIVERSITY OF CITIZENSHIP MAY EXISTS [sic] BETWEEN PARTIES."  Compl. at 5.  Even assuming the parties are citizens of different states, the amount in dispute here – $642.55 in unpaid rent – falls far below the $75,000 minimum required to establish diversity jurisdiction over a civil action.  28 U.S.C. § 1332(a).  Judge Armstrong previously reached the same conclusion in remanding plaintiff's first action to state court.  *See* RJN, Ex. 11.  Having twice failed to plead an amount in excess of the jurisdictional threshold, the Court concludes that leave to amend would be inappropriate given that the crux of the parties' dispute centers on $642.55.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's complaint WITHOUT LEAVE TO AMEND.  This Order resolves Docket Nos. 9 and 19.

**IT IS SO ORDERED.**

Dated: July 26, 2013

SUSAN ILLSTON
United States District Judge